IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON RAY GRAY, | § | |
| CID #862369, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | NO. 3:02-CV-2516-H |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject

cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions,

and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A.  Nature of the Case:**  This is a petition for writ of habeas corpus by a state prisoner under

28 U.S.C. § 2254.

**B.  Parties:**   Petitioner Don Ray Gray is an inmate currently incarcerated in the Texas

Department of Criminal Justice, Correctional Institutions Division.  Respondent Douglas Dretke is

the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Factual and Procedural History:**  The state court of appeals thoroughly detailed the facts

of the offense:

> The Dallas Police Department Narcotics Division received information and
> citizen complaints that drug sales were occurring at a residence located at 3702 Pine
> Street.  Detectives conducted surveillance on the house and saw several people make
> exceedingly short visits to the house, an activity consistent with drug trafficking.  On

July 16, 1998, a confidential informant, at the direction of narcotics detectives, purchased two $10 rocks of crack cocaine at the residence. The following day, the police obtained a search warrant for the house based on the information gained from the confidential informant and their surveillance. The relevant probable cause allegations in the search warrant read as follows:

> I, the Affiant, received information from a reliable and confidential informant who stated that the above listed suspect in paragraph # 3 above did on July 16th, 1998 possess a quantity of cocaine inside residence [sic] located at 3702 Pine St. in the City of Dallas, Dallas County, Texas. The reliable confidential informant has been to the residence in the past twenty-four (24) hours and there observed the above described white female in paragraph # 3 above, in possession of and selling a quantity of cocaine. This informant is able to recognize the appearance and consistency, as well as the packaging of the cocaine.

> I, the Affiant, received this information from the informant on the 16th day of July, 1998.

> I, the Affiant, have received information from this reliable and confidential informant concerning drug trafficking in the Dallas area and said information has proven to be correct on each and every occasion.

The night of July 20, 1998, the police executed the warrant by breaking down the residence's front door and storming into the house. Upon entry, the police saw [Gray], clad only in shorts, sitting at a table facing the door. He was using a large black folding knife to cut a rock of cocaine. Also on the table were several loose rocks of cocaine and two pink baggies each containing a $50 rock of cocaine. A woman named Terry Friahm was also sitting at the table. She matched the description of the suspect mentioned in the search warrant. The police, after searching the entire house, found a syringe in the living room and a twelve gauge shotgun in another room.

Expert testimony indicated the rocks found at the scene were cocaine and that the amount of cocaine found showed an intent to deliver. Other testimony showed that a knife or razor blade was normally used to cut larger rocks of cocaine into smaller rocks for distribution.

Friahm, who had convictions for forgery, theft, and possession of a forged instrument, testified on [Gray's] behalf at trial. She claimed she had never been in the house before July 20th and that she had been employed by a man called "Roscoe" to

2

> clean the residence. [Gray], her former boyfriend, stopped by the house to pick up a key to his sister's house. Once there, he stayed, waiting for someone to pick him up. Friahm also testified she did not see any cocaine in the house prior to the officer's entry and that [Gray] lived in a hotel.

*Gray v. State*, No. 5-99-301-CR, 2000 WL 1874153, at *1-2 (Tex. App.—Dallas Dec. 27, 2000, pet. ref'd) (not designated for publication).

A jury found Gray guilty of possession of one gram or more but less than four grams of cocaine, and the trial court assessed his punishment at 35 years' confinement. (2 State Habeas R. at 53.) The Dallas Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Gray's pro se petition for discretionary review. *Id.* Gray filed a state application for habeas corpus relief challenging his conviction, which the Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Gray*, No. 20,522-02 (Tex. Crim. App. July 31, 2002) (not designated for publication). Gray filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on November 14, 2002. *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

**D. Issues:** Gray argues that (1) his arrest violated the Fourth Amendment and (2) there was no evidence to show he had care, custody, or control of the cocaine.

**E. Exhaustion:** Dretke believes Gray has sufficiently exhausted available state remedies on all issues presented and, thus, does not move for dismissal on this ground.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

4

### III. FOURTH AMENDMENT

Gray argues that his conviction was unconstitutional because the search and his arrest were without probable cause.  (Federal Pet. at 7; Pet'r Mem. at 5-11; Pet'r Obj. & Reply at 3-7.)  Trial counsel filed a pretrial motion to suppress evidence.  (C.R. at 32.)  Although the trial court referred to the motion before the trial started and indicated that a ruling would be forthcoming, there is no indication in the record that the Court expressly ruled on the motion; however, the evidence procured as a result of the search was admitted into evidence.  (2 R.R. at 5-6; 3 R.R. at 96.)  Gray did not directly attack the constitutionality of the search and seizure until he filed his state habeas corpus application.[1]  (2 State Habeas R. at 8, 15-19.)

A federal court cannot entertain a Fourth-Amendment claim brought by a habeas petitioner attacking his state court conviction if the petitioner had an opportunity for full and fair litigation of that claim in the state courts. *Stone v. Powell*, 428 U.S. 465, 495 (1976); *Jones v. Johnson*, 171 F.3d 270, 278 (5th Cir.), *cert. denied*, 527 U.S. 1059 (1999).  When a defendant fails to raise his Fourth-Amendment claim at trial, *Stone* bars habeas relief on Fourth-Amendment grounds even though no state hearing was held on the claim.  *Carver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978).  Because Gray had a full and fair opportunity to litigate his Fourth-Amendment claim in the state courts, it is barred from federal habeas corpus review.  *E.g., Janecka*, 301 F.3d at 320-21.

---

[1]On direct appeal, Gray argued that trial counsel was constitutionally ineffective for failing to get a ruling on the suppression motion.  The court of appeals, in the context of addressing the Sixth Amendment ineffectiveness claim, held that the arrest was constitutional because Gray did not have a reasonable expectation of privacy in the residence, the search warrant was valid, and the facts supporting the search warrant were sufficient to establish probable cause to search.  *Gray*, 2000 WL 1874153, at *3-4.  The Court notes that if these underlying Sixth Amendment holdings by the court of appeals could be considered to be a full and fair opportunity to litigate Gray's Fourth Amendment claim, they would also bar his current Fourth Amendment claim from federal habeas corpus review.  *E.g., Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002), *cert. denied*, 537 U.S. 1196 (2003).

## IV. SUFFICIENCY OF THE EVIDENCE

Gray argues that the evidence is legally insufficient to support his conviction because there is no evidence to show he exercised care, custody, or control over the cocaine.[2]  (Federal Pet. at 7; Pet'r Mem. at 11-16.)  Gray did not challenge the sufficiency of the evidence on direct appeal, but did raise it in his state habeas corpus application.  (2 State Habeas R. at 7, 19-23.)  In its response to Gray's application, the State asserted that the claim was waived and procedurally defaulted because it had not been raised on direct appeal.  (*Id.* at 30-31.)  *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex. Crim. App. 1986).  The state trial court found that "there are no controverted, previously unresolved facts material to the legality of [Gray's] confinement which require an evidentiary hearing."  (*Id.* at 49.)  The Court of Criminal Appeals denied the application without written order.

Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding.  *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994).  Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable.  *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  Thus, this procedural default in the state courts procedurally bars this Court from

---

[2]Gray asserts that he is not claiming that the evidence is legally insufficient (a claim which would not be cognizable in this action), but rather, that there is no evidence to support his conviction.  (Pet'r Obj. & Reply at 7-11; Pet'r Am. Allegation at 2-7.)  However, a claim of "no evidence" is the same as a claim of legal insufficiency of the evidence.  *Haley v. Cockrell,* 306 F.3d 257, 266-67 (5th Cir. 2002), *vacated on other grounds,* 541 U.S. 386 (2004).

addressing the merits of Gray's sufficiency claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991).

Even if this claim were not barred, Gray would not be entitled to relief. To convict Gray of possession of cocaine, the State must show that he "knowingly or intentionally possesses" cocaine. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003). To show possession, the State had to establish that Gray (1) exercised care, custody, control, or management over the drugs and (2) knew the illegal nature of the drugs. *Id.* § 481.002(38) (Vernon Supp. 2004-05), § 481.112(a) (Vernon 2003); Tex. Penal Code Ann. § 1.07(a)(39) (Vernon Supp. 2004-05); *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); *McQuarters v. State*, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref'd). When a defendant is not in exclusive possession or control of the place where the drugs are found, the State must affirmatively link the defendant to the drugs. *McQuarters*, 58 S.W.3d at 259. This link need not exclude every other outstanding reasonable hypothesis except for Gray's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995).

In this case, while executing a search warrant, the police saw Gray cutting a rock of cocaine with a knife. (3 R.R. at 32-33, 53.) This fact alone is legally sufficient to show Gray possessed the cocaine. *See, e.g., Dickerson v. State*, 866 S.W.2d 696, 701 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (holding testimony of officer who saw defendant holding crack pipe was sufficient to affirmatively link defendant to drugs); *Jarrett v. State*, 818 S.W.2d 847, 848-49 (Tex. App.—Houston [1st Dist.] 1991, no pet.) (holding evidence that defendant was arrested holding crack pipe that contained cocaine residue was sufficient to prove he possessed cocaine).

## V. SUMMARY

Gray is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Gray was not

entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VI. EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.  RULES GOVERNING SECTION 2254 CASES 8(a).

## VII. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

Signed this 31st day of March, 2005.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Under 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objection to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE